1  Andres F. Quintana, Esq. (SBN 190525)
2  Ronald G. Han, Esq. (SBN 247212)
   **QUINTANA LAW GROUP**
3  A Professional Law Corporation
   Warner Center Tower
4  21650 Oxnard Street, Suite 700
5  Woodland Hills, California 91367
   Telephone:  (818) 914-2100
6  Facsimile:  (818) 914-2101
7  Email: andres@qlglaw.com
8          ronald@qlglaw.com

9  Attorneys for Defendants BRAND TECHNOLOGIES, INC. and
10 BRAD MANDELL

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13
   MAVRIX PHOTO, INC. a Florida            ) CASE NO. CV09-02729 PSG (JCx)
14 corporation,                            ) [Complaint Filed On April 20, 2009]
                                           )
15              Plaintiff,                 )
                                           ) **DEFENDANTS' NOTICE OF**
16                                         ) **MOTIONS AND MOTION TO**
                                           ) **DISMISS COMPLAINT FOR LACK**
17      vs.                                ) **OF PERSONAL JURISDICTION**
                                           ) **[FED.R.CIV.P. 12(b)(2)], OR IN THE**
18 BRAND TECHNOLOGIES, INC., an            ) **ALTERNATIVE, MOTION TO**
   Ohio Corporation; BRANDTECH, a          ) **DISMISS COMPLAINT FOR**
19 business form unknown;                  ) *FORUM NON CONVENIENS*
   GOSSIPGIRLS.COM, a business form        ) **[FED.R.CIV.P. 12(b)(3)], AND**
20 unknown; CELEBRITY-GOSSIP.NET, a)        **MOTION TO TRANSFER VENUE;**
21 business form unknown; BRAD             ) **MEMORANDUM OF POINTS AND**
   MANDELL, an individual; and DOES 1-)    **AUTHORITIES; DECLARATIONS**
22 10 INCLUSIVE,                           ) **OF BRADFORD MANDELL AND**
                                           ) **ANDRES QUINTANA**
23                                         )
                                           ) **Date:      July 13, 2009**
24              Defendants.                ) **Time:      1:30 p.m.**
                                           ) **Courtroom: 790**
25                                         ) **Judge:     Honorable Philip**
                                           )            **Gutierrez**
26                                         )
27 _____) [Proposed Order Lodged Herewith]

28 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Quintana Law
Group, APC

1   PLEASE TAKE NOTICE that on July 13, 2009 at 1:30 P.M., or as soon
2   thereafter as the matter may be heard by this Court, in Courtroom 790 of the United
3   States District Court for the Central District of California, located at 255 East
4   Temple Street, Los Angeles, California 90012, before the Honorable Philip
5   Gutierrez, Defendants BRAND TECHNOLOGIES, INC. and BRAD MANDELL
6   (collectively "Defendants"), jointly and severally, will and hereby do move the
7   Court for an order dismissing Plaintiff MAVRIX PHOTO, INC.'s ("Plaintiff")
8   Complaint in its entirety without leave to amend pursuant to Federal Rule of Civil
9   Procedure 12(b)(2) for lack of personal jurisdiction over each of the Defendants.
10  Alternatively, Defendants move this court for order either dismissing the Complaint
11  in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(3) for forum non
12  conveniens or transferring venue to the United States District Court for the Northern
13  District of Ohio.

14  These Motions are based upon this Notice of Motions and Motions, the
15  attached Memorandum of Points and Authorities, the Declarations of Andres
16  Quintana and Bradford Mandell, all pleadings on file with the Court, and such other
17  matters as may come before the Court.

18  These Motions are made following a meet and confer between Defendants'
19  counsel and Plaintiff's counsel beginning on May 15, 2009 and concluding on June
20  2, 2009, pursuant to L.R. 7-3. Quintana Decl., ¶¶2-3, Exhibits C and D thereto.

21  DATED: June 9, 2009            QUINTANA LAW GROUP
22                                 A Professional Law Corporation
23
24
25                                 By: _____
26                                     Andres F. Quintana
                                       Ronald G. Han
27                                     Attorneys for Defendants BRAND
                                       TECHNOLOGIES, INC. and
28                                     BRAD MANDELL

Quintana Law
Group, APC

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

INTRODUCTION.................................................................................3

RELEVANT FACTS .............................................................................4

I.  THIS COURT LACKS PERSONAL JURISDICTION OVER
    DEFENDANTS ..............................................................................6

    A.  THE DEFENDANTS DO NOT HAVE "CONTINUOUS AND
        SYSTEMACTIC CONTRCATS" WITH CALIFORNIA THAT WOULD
        SUPPORT GENERAL JURISDICTION.........................................7

        1.  Defendant Brand Technologies' Passive Websites Do Not Support
            Personal Jurisdiction in California ......................................... 10

    B.  DEFENDANTS HAVE NO CONTACTS WITH CALIFORNIA THAT
        WOULD ESTABLISH SPECIFIC PERSONAL JURISDICTION IN THIS
        CASE ........................................................................................ 11

        1.  THE DEFENDANTS HAVE NOT PURPOSEFULLY AVAILED
            THEMSELVES OF OR DIRECTED ACTIVITIES TOWARS
            CALIFORNIA ........................................................................ 12

        2.  DEFENDANTS' ALLEGED CONTRACTS WITH THE STATE OF
            CALIFORNIA ARE NOT A "BUT FOR" CAUSE OF PLAINTIFF'S
            ALLEGED CLAIMS............................................................... 13

        3.  EXCERCISING PERSONAL JURISDICTION OVER THE
            DEFENDANTS IN CALIFORNIA WOULD BE UNREASONABLE
            UNDER THE PRESENT CIRCUMSTANCES...................................... 14

II.  THE COURT SHOULD DISMISS THIS ACTION ON THE BASIS OF
     FORUM NON CONVENIENS ....................................................... 15

    A.  THE UNITED STATES DISCTRICT COURT FOR THE NORTHERN
        DISTRICT OF OHIO, WESTERN DIVISION PROVIDES AN ADEQUATE
        ALTERNATIVE FORUM ............................................................. 16

    B.  THE PRIVATE AND PUBLIC INTERESTS WEIGH HEAVILY IN
        FAVOR OF DISMISSAL ON THE GROUNDS OF FORUM NON
        CONVENIENS ........................................................................... 17

        1.  Private Interests Favor The Ohio Judicial System.................... 17

i

Quintana Law
Group, APC

2. Public Interests Also Weigh In Favor Of Ohio ........................................ 18

III. THE COURT SHOULD TRANSFER THIS ACTION TO THE UNITED STATES DISCTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO ................................................................................................ 19

A. THE JUDICIAL DISTRICT WHERE ACTION MIGHT HAVE BEEN BROUGHT ............................................................................................ 20

B. CONVENIENCE OF WITNESSES AND AVAILABILITY OF COMPULSORY PROCESS .......................................................................... 21

C. CONVENIENCE OF THE PARTIES ...................................................... 21

D. JUDICIAL ECONOMY .......................................................................... 22

E. EASE OF ACCESS TO SOURCES OF PROOF ................................... 22

F. FAMILIARITY WITH GOVERNING LAW .......................................... 22

G. INTEREST OF JUSTICE ....................................................................... 22

IV. CONCLUSION ................................................................................................ 23

1

2

# TABLE OF AUTHORITIES

3

## FEDERAL CASES

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amini Innovation Corp. v. JS Imports, Inc.
    497 F.Supp.2d 1093 (C.D. Cal. 2007) ................................................6

Amoco Egypt Oil Co. v. Leonis Navigation Co.
    1 F.3d 848 (9th Cir. 1993) ................................................8

Asahi Metal Industry Co., Ltd. v. Superior Court
    480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed. 2d 92 (1987)...................................... 13

Ballard v. Savage
    65 F.3d 1495 (9th Cir. 1995) ................................................ 13

Bancroft & Masters, Inc. v. Augusta Nat. Inc.
    223 F.3d 1082 (9th Cir. 2000)..................................................... 8, 12

Brand v. Menlove Dodge
    796 F.2d 1070 (9th Cir. 1986).................................................9

Calder v. Jones
    465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed. 2d 804 (1984)................................ 13

CE Distrib., LLC v. New Sensor Corp.
    380 F.3d 1107 (9th Cir. 2004) ................................................ 12

Cheng v. Boeing Co.
    708 F.2d 1406 (9th Cir. 1983)................................................. 19

Cybersell, Inc. v. Cybersell, Inc.
    130 F.3d 414 (9th Cir. 1997) ................................................ 10

Doe v. Unocal Corp.
    248 F.3d 915 (9th Cir. 2001) ................................................ 12

Dole Food Co. v. Watts
    303 F.3d 1104 (9th Cir. 2002)................................................ 16, 17

Foster-Mi/burn Co. v. Knight
    181 F.2d 949 (2d Cir. 1950) ................................................ 20

Gates Learjet Corp. v. Jensen
    743 F.2d 1325 (9th Cir. 1984)..................................................................... 9

Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.
    284 F.3d 114 (9th Cir. 2002) .............................................................. 9, 13

Greenspun v. Del E. Webb Corporation
    634 F.2d 1204 (9th Cir. 1980) ............................................................. 6, 7

Helicopteros Nacionales de Colombia S.A. v. Hall
    466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed. 2d 404 (1984)........................... 7, 8

Hoffman v. Blaski
    363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)............................... 20

Intel Corp. v. Silicon Storage Tech., Inc.
    20 F.Supp.2d 690 (D.Del. 1998)................................................................. 8

International Shoe Co. v. Washington
    326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)........................................ 7

Lueck v. Sundstrand Corp.
    236 F.3d 1137 (9th Cir. 2001)........................................................... 15, 16

Mink v. AAAA Development LLC
    190 F.3d 333 (5th Cir. 1999) .................................................................. 11

Nacom Intl, Inc. v. Melvin Simon Prods., Inc
    774 F. Supp. 858 (S.D.N.Y. 1991) .......................................................... 21

Nichols v. G.D. Searle & Co.
    991 F.2d 1195 (4th Cir. 1993).................................................................... 8

Omeluk v. Langsten Slip & Batbyggeri A/S
    52 F.3d 267 (9th Cir. 1995)...................................................................... 12

Pacific Atlantic Trading Co. v. M/V Main Express
    758 F.2d 1325 (9th Cir. 1985) ................................................................... 6

Piper Aircraft Co. v. Reyno
    454 U.S. 235, 102 S.Ct. 252, 70 L.Ed. 2d 419 (1981) ................... 15, 16, 17

Rio Properties, Inc. v. Rio Int'l Interlink
    284 F.3d 1007 (9th Cir. 2002) ................................................................... 6

Schwarzenegger v. Fred Martin Motor Co.
    374 F.3d 797 (9th Cir. 2004) .................................................. 6, 8

Van Dusen v. Barrack
    376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)................................20

Whittier v. Emmet
    281 F.2d 24 (D.C. Cir. 1960)................................................20

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme
    433 F.3d 1199 (9th Cir. 2006) ........................................... 7, 11, 14

**STATE CASES**

Snowney v. Harrah's Entertainment, Inc.
    35 Cal.4th 1054 (2005) ....................................................... 10

**STATUTES**

17 U.S.C. § 101 .............................................................. 17

28 U.S.C. § 1338 ............................................................ 21

28 U.S.C. § 1400 ............................................................ 20

28 U.S.C. § 1404(a)....................................................... 4, 20, 22

California Civil Procedure Code § 410.10.....................................7

Federal Rule of Civil Procedure 12(b)(2) ...................................6

Federal Rule of Civil Procedure 12(b)(3) ...................................6

Federal Rule of Civil Procedure 45(e) ...................................... 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Quintana Law
Group, APC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

## INTRODUCTION

4

5       The present case has nothing to do with the State of California. Plaintiff

6   Mavrix Photo, Inc. ("Plaintiff"), a corporation formed under the laws of, and located in,

7   the State of Florida, alleges that certain copyrights it owns were infringed by

8   Defendant Brand Technologies, Inc. ("Brand Technologies"), a corporation formed under

9   the laws of and located in the State of Ohio, and its corporate officer, Defendant

10  Bradford Mandell, an individual residing in the State of Ohio.  Knowing its location

11  and the location of Defendants, Plaintiff now seeks to assert claims in federal court

12  in the State of California. Plaintiff makes only a single, vague statement that

13  "...Defendants may be found and transact business in [California]."  Complaint ¶2.

14  Interestingly, Plaintiff further alleges that Defendants are subject to the general and

15  specific jurisdiction of this Court because of "contacts with the State of Florida." Id.

16  Plaintiff makes no further assertion regarding alleged contacts between Defendants

17  and the State of California. Plaintiff cannot make such assertions because

18  Defendants do not have sufficient contacts with the State of California to confer

19  personal jurisdiction (either general or specific jurisdiction). Accordingly, as a

20  matter of fact and law, this Court lacks personal jurisdiction over Defendants for the

21  following reasons:

22      • The Court lacks general jurisdiction because Defendants do not have

23        the requisite "systematic and continuous" contacts with the State of

24        California;

25      • The Court lacks specific jurisdiction because Plaintiff's claims did not

26        arise from, nor are they related to, Defendants' limited contacts with the

27        State of California; and

28

Quintana Law
Group, APC

1  • The exercise of jurisdiction over Defendants in this case would not
2     comport with traditional notions of fair play and substantial justice.

3      Alternatively, this Court should dismiss the Complaint on the grounds of <u>forum</u>
4  <u>non conveniens</u> because this case would be more fairly and conveniently litigated in
5  the State of Ohio and in the United States District Court for the Northern District of
6  Ohio, Western Division – where Plaintiff's alleged claims matured and where most,
7  if not all, of the witnesses and documentary evidence related to Plaintiff's claims are
8  located.

9      If this Court does not dismiss this case, Defendants respectfully request that
10  the Court transfer this case to the United States District Court for the Northern
11  District of Ohio, Western Division, pursuant to 28 U.S.C. § 1404(a).  This case
12  would be more fairly and conveniently litigated in the State of Ohio where
13  Plaintiff's alleged claims matured and where most, if not all, of the witnesses and
14  documentary evidence related to Plaintiff's claims are located.

15                           **RELEVANT FACTS**

16      In its Complaint, Plaintiff alleges that it is a corporation incorporated and
17  existing under the laws of the State of Florida, with a principal place of business
18  located in Miami. Complaint ¶¶3, 10. Plaintiff also alleges that Defendant Brand
19  Technologies is an Ohio corporation, Defendant Bradford Mandell is an individual
20  residing in the State of Ohio, and Defendants' Websites are based in the State of
21  Ohio under common control. Complaint ¶¶4, 6, 7. Although Plaintiff claims that
22  Defendants "may be found and transact business in" the State of California, Plaintiff
23  does not cite to any conduct that allegedly occurred in, or contacts with, the State
24  of California. Complaint ¶2.

25      As set forth below and in the accompanying declaration, nonresident
26  Defendants Brand Technologies and Bradford Mandell do not have the minimum
27  contacts with the State of California necessary to support the exercise of personal
28  jurisdiction over them in this matter.  In particular:

Quintana Law
Group, APC

-4-

- Defendant Brand Technologies Inc. is incorporated under the laws of the State of Ohio and has its principal office and principal place of business in Toledo, Ohio. Declaration of Bradford Mandell ("Mandell Decl."), ¶¶3, 6. Attached hereto as Exhibit "A" is a copy of the Certificate of Incorporation of Brand Technologies, Inc. from the Secretary of State of Ohio;

- Defendant Bradford Mandell is a resident of the State of Ohio (Mandell Decl., ¶2);

- Defendants does not maintain, or has ever maintained, an executive or other offices in the State of California (Mandell Decl., ¶7);

- Defendants do not own any property, personal or real, in the State of California (Mandell Decl., ¶8);

- Defendants have limited business activities in the State of California, all of which are essentially connected to payment for photograph purchases conducted over the internet (Mandell Decl., ¶9);

- Corporate decision-making is conducted at the Brand Technologies, Inc. headquarters located in Toledo, Ohio (see Mandell Decl., ¶¶2, 3, 6.)  No corporate decisions are made in the State of California;

- All of the records and employees of Defendant Brand Technologies, including those employees that may have knowledge of the alleged copyright infringement, reside in or around Toledo, Ohio (Mandell Decl., ¶14).

- Defendants have never consent to litigate this matter or any other matter in the Central District of California (Mandell Decl., ¶12);

- Defendant Brand Technologies' Websites – www.celebrity-gossip.net and www.gossipgirls.com are passive and informative (Mandell Decl., ¶10, and Exhibit B);

- Defendant Brand Technologies does not use, and has never used, its Websites to distribute, buy, license or sell any products or services, or perform any commercial transactions of any kind (for instance, online transaction

1  processing, electronic date interchange or electronic funds transfers).
2  (Mandell Decl, ¶11.)  No merchandise is, or has ever been, sold, licensed or
3  distributed through the Websites.  (Id. at, ¶12.)
4      On these facts, the Court lacks personal jurisdiction over Defendants and this
5  case is better suited for adjudication in the United States District Court for the
6  Northern District of Ohio, Western division.

7                          **ARGUMENT**
8                              I.
9  **THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.**
10     Fed. R. Civ. P. 12(b)(2) provides for dismissal of an action where the court
11  lacks personal jurisdiction over a defendant. See Fed. R. Civ. P. 12(b)(2). The
12  plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Rio
13  Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  Upon a
14  motion based on affidavits and documentary evidence the plaintiff has the burden of
15  making a prima facie showing of facts establishing personal jurisdiction.
16  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). A
17  plaintiff must demonstrate "facts that, if true, would support the court's exercise of
18  jurisdiction over the defendant." Amini Innovation Corp. v. JS Imports, Inc., 497
19  F.Supp.2d 1093, 1100 (C.D. Cal. 2007).  While uncontroverted allegations in the
20  complaint are accepted as true and conflicts between parties over statements
21  contained in affidavits must be resolved in the plaintiff's favor, a prima facie
22  showing must be based on affirmative proof beyond the pleadings, such as
23  affidavits, testimony or other competent evidence of specific facts. See id.
24     The Ninth Circuit applies the following two-step test for determining the
25  propriety of asserting personal jurisdiction: first, the relevant State's long-arm
26  statute must permit jurisdiction; second, the exercise of jurisdiction must be
27  consistent with federal constitutional principles of due process. See Pacific Atlantic
28  Trading Co. v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir. 1985); Greenspun

Quintana Law
Group, APC
                              -6-

1  v. Del E. Webb Corporation, 634 F.2d 1204, 1207 (9th Cir. 1980).  The State of
2  California's long arm statute extends jurisdiction to the maximum extent permitted
3  by due process.  Cal. Civ. P. Code § 410.10 (West 2008) ("[A] court of this state
4  may exercise jurisdiction on any basis not inconsistent with the Constitution of this
5  state or of the United States.").  Thus, because California's long-arm jurisdictional
6  statute is coextensive with federal due process requirements, only a single analysis
7  is necessary.  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433
8  F.3d 1199, 1205 (9th Cir. 2006).

9         The  Fourteenth  Amendment's  Due  Process  Clause  permits  personal
10  jurisdiction over any defendant that has sufficient "minimum contacts" with the
11  forum state such that the exercise of jurisdiction "does not offend traditional notions
12  of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S.
13  310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). There are two recognized bases for
14  exercising  personal  jurisdiction  over  a  non-resident  defendant:  (1)  "general
15  jurisdiction,"  which  arises  when  the  defendant's  activities  in  the  forum  are
16  sufficiently "substantial" or "continuous and systematic" to justify the exercise of
17  jurisdiction over it in all matters; and (2) "specific jurisdiction," which arises when a
18  plaintiff can establish that the present claims arose directly from defendant's
19  California-related activities. See Helicopteros Nacionales de Colombia S.A. v. Hall,
20  466 U.S. 408, 414-16, 104 S.Ct. 1868, 1872-73, 80 L.Ed. 2d 404 (1984).

21         In this instance, the Defendants do not have "continuous and systematic
22  contacts" with the State of California that would support general jurisdiction. Nor do
23  they have no contacts with the State of California that would establish specific
24  personal jurisdiction in this case.

25  **A. THE  DEFENDANTS  DO  NOT  HAVE  "CONTINUOUS  AND**
26     **SYSTEMATIC CONTACTS" WITH CALIFORNIA THAT WOULD**
27     **SUPPORT GENERAL JURISDICTION.**

28         General jurisdiction exists where a non-resident defendant has "substantial"

Quintana Law
Group, APC

1    or "continuous and systematic" contacts in the State that "approximate physical

2    presence." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th

3    Cir. 2000). The Ninth Circuit has held that general jurisdiction is "disfavored"

4    "unusual" and may be exercised in "rare" instances where the defendant's activities in

5    the forum state are so pervasive and so much greater than those in other States. See,

6    e.g., Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851 n.3 (9th Cir.

7    1993)(citing cases; noting that the U.S. Supreme Court has upheld general

8    jurisdiction only once); Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1200 (4th Cir.

9    1993); Intel Corp. v. Silicon Storage Tech., Inc., 20 F.Supp.2d 690, 699 (D.Del.

10   1998). Further, the Ninth Circuit has held that the requirements for general

11   jurisdiction are "an exacting standard, as it should be, because a finding of general

12   jurisdiction permits a defendant to be haled into court in the forum state to answer

13   for any of its activities anywhere in the world." Schwarzenegger, 374 F.3d at 801.

14   For these reasons, the threshold question in a general jurisdiction case is higher

15   and more demanding than that required in a specific jurisdiction case and the

16   courts have "evinced a reluctance to assert general jurisdiction over nonresident . . .

17   corporations even when the contacts with the forum state are quite extensive." 16

18   Moore's Federal Practice § 108.41 [3] (3d ed. 1997); see also Amoco Egypt Oil, 1

19   F.3d at 851 n.3.

20        Both the Complaint and the uncontroverted evidence shows that Defendants

21   are not located in the State of California, do not have offices in the State of

22   California, own no property in the State of California, never performed any services

23   in the State of California, and never marketed toward the State of California.

24   Mandell Decl., ¶¶7-13. As Exhibit "A" makes clear, Defendant Brand Technologies,

25   Inc. is incorporated in the State of Ohio having its principal place of business and

26   corporate office in Toledo, Ohio. Defendant Bradford Mandell is the Chief

27   Executive Officer of Brand Technologies and resides in the State of Ohio. Mandell

28   Decl., ¶2-3. Defendants do not maintain any offices outside of Ohio. Id. at ¶7.

Quintana Law
Group, APC

1   Defendants do not conduct any business in the State of California. Id. at ¶¶7, 9, 11,
2   13. Rather, Defendants' activities in the State of California are limited to the
3   purchase of photographs from internet Websites having payment addresses in the
4   State of California. Id. at ¶9. Mere purchases, even purchases occurring at regular
5   intervals, do not warrant a finding of personal jurisdiction over a nonresident
6   corporation in a cause of action unrelated to the particular purchase transactions.
7   Helicopteros, 466 U.S. at 418.

8      Moreover, as the Ninth Circuit has found, a company cannot merely be doing
9   business "with" individuals in the State but must be doing business "in" the State.
10  Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co., 284 F.3d 114 (9th
11  Cir. 2002). For instance, in Brand v. Menlove Dodge, 796 F.2d 1070 (9th Cir.
12  1986), the Ninth Circuit held that a nonresident's contacts with the forum were
13  neither "substantial" nor "systematic and continuous" when they included (1)
14  occasional car sales to forum residents; (2) occasional car sales to another car dealer
15  with knowledge that the car dealer would resell the cars to forum residents; and (3)
16  entry through forum ports of vehicles that nonresident defendant sold.

17     For another instance, in Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th
18  Cir. 1984), the Ninth Circuit found that general jurisdiction did not exist despite
19  nonresident defendant's (1) solicitation and negotiation of agreement in forum
20  state; (2) several visits to forum state; (3) arrangement of an aircraft sale in forum
21  state; (4) attendance at a conference in forum state; (5) delivery of several aircraft in
22  forum state; (6) significant communication by telephone and facsimile with forum;
23  and (7) forum-selection clause favoring forum in negotiated airplane purchase
24  agreement.

25     As these cases demonstrate, the exercise of general jurisdiction over
26  Defendants in this matter would obliterate both the territorial limits on jurisdiction
27  over nonresident Defendants and the settled law dictating the "disfavored," "rare"
28  and "unusual" availability of general jurisdiction. To exercise general jurisdiction

Quintana Law
Group, APC

1    over Defendants in this case would open the doors of the State of California courts to

2    every case regardless of nature or type, or where the alleged wrongdoing occurred, or

3    where the Plaintiff's alleged injuries occurred.

4           The crux of Plaintiff's copyright claim is unrelated to any particular

5    transaction the Defendants may have had with California entities.  Rather, the

6    issue in this case concerns the alleged activities of Defendants taking place on the

7    other side of the United States in the State of Ohio, and on its passive and

8    informative Websites.  In the end, there is simply no evidence of any continuous or

9    systematic presence in the State of California that could give rise to general

10   jurisdiction over the Defendants.  Indeed, the only connection with the State of

11   California apparent in Plaintiff's Complaint is that the Plaintiff's counsel happens to

12   practice law within this Judicial District.  That basis for personal jurisdiction is

13   patently insufficient.

14          In short, the exercise of general jurisdiction here would render its carefully

15   constructed limits meaningless and potentially burden California's court system with

16   a flood of cases having nothing to do with the State of California. Such a result here,

17   as well as in the future, would be unwise, unwarranted, and unconstitutional.

18

19          **1. Defendant Brand Technologies' Passive Websites Do Not**

20          **Support Personal Jurisdiction In California.**

21          To the extent Plaintiff is somehow basing its personal jurisdiction claim on

22   the Defendants' Websites, that claim is unavailing.  To create an expectation of

23   being haled into court here, the defendant's contacts with the forum state generated

24   by a Website must be more than random, fortuitous, or attenuated.  See Snowney v.

25   Harrah's Entertainment, Inc., 35 Cal.4th 1054, 1063 (2005).  A Website that may

26   reach California residents does not support jurisdiction where it merely provides

27   information for interested parties. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d

28   414, 418 (9th Cir. 1997) (holding that a passive Website that does not allow the

1 consummation of business does not qualify as meaningful contacts with a forum
2 state giving rise to personal jurisdiction over a defendant in a trademark action); see
3 also Mink v. AAAA Development LLC, 190 F.3d 333, 337 (5th Cir. 1999) (finding
4 that a Website that is nothing more than a "passive advertisement," i.e. a Website
5 that provides product information, toll-free telephone numbers, e-mail addresses,
6 mail addresses, and mail-in order forms, does not support the exercise of personal
7 jurisdiction).
8     The uncontroverted evidence shows that Defendant Brand Technologies'
9 Websites at www.celebrity-gossip.net and www.gossipgirls.com, which redirects to
10 www.gossipcenter.com, are merely informative and thus passive under the standards
11 discussed in Cybersell and Mink.  The Defendants' Websites contains only:  (1) a
12 short statement of the business purpose of Defendant Brand Technologies; (2) news
13 and photographs related to celebrities; and (3) the contact information for the
14 Defendant Brand Technologies' business.   Mandell Decl., ¶10 and Exhibit B.
15 Defendants do not use, and have never used, their Websites to distribute, buy,
16 license or sell any products or services, or perform any commercial transactions of
17 any kind (for instance, online transaction processing, electronic date interchange or
18 electronic funds transfers). Mandell Decl., ¶¶10, 11.  No merchandise is, or has ever
19 been, sold, licensed or distributed through the Website. Id. at ¶11.
20     Thus, Defendant Brand Technologies' passive, informative Websites do not
21 provide general jurisdiction over Defendants in the State of California.

23 **B. DEFENDANTS HAVE NO CONTACTS WITH CALIFORNIA THAT**
24 **WOULD ESTABLISH SPECIFIC PERSONAL JURISDICTION IN**
25 **THIS CASE.**
26     If a non-resident's actions do not create general jurisdiction, a defendant may
27 still be subject to "specific jurisdiction" on claims related to its activities or contacts
28 in the forum.  Yahoo! Inc., 433 F.3d at 1205.  In assessing specific jurisdiction, the

1  Ninth Circuit uses a three-prong analysis: 1) defendant must do some act or
2  consummate some transaction in California by which it purposefully avails itself of
3  or directs its activities toward residents of the state; 2) plaintiff's claims must arise
4  out of or result from defendant's California-related activities; and 3) California's
5  exercise of jurisdiction must be reasonable. Doe v. Unocal Corp., 248 F.3d 915, 922
6  (9th Cir. 2001). "If any of the three requirements is not satisfied, jurisdiction in
7  the forum would deprive the defendant of due process of law." Omeluk v.
8  Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). Whether specific
9  jurisdiction exists "turns on an evaluation of the nature and quality of the
10 defendant's contacts in relation to the cause of action." Unocal Corp., 248 F.3d at
11 922.

12           1.      **THE DEFENDANTS HAVE NOT PURPOSEFULLY AVAILED**
13                   **THEMSELVES OF OR DIRECTED ACTIVITIES TOWARDS**
14                   **CALIFORNIA.**

15           Defendants are also not subject to specific jurisdiction in this case in the State
16 of California. The purposeful availment portion of the personal jurisdiction test can
17 be met by the purposeful direction of a foreign act having effect in the forum state.
18 CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1111 (9th Cir. 2004). This
19 "effects test" is satisfied if defendant "(1) committed an intentional act, which was
20 (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is
21 suffered and which the defendant knows is likely to be suffered in the forum state."
22 Bancroft & Masters, Inc., 223 F.3d at 1087.

23           As described above, there is a paucity of evidence supporting any minimum
24 contacts by Defendants with the State of California. The uncontroverted evidence
25 shows that Defendants are not located in the State of California, do not have offices
26 in the State of California, own no property in the State of California, never
27 performed any services in the State of California, and never marketed specifically
28 toward the State of California. Mandell Decl., ¶¶7-14.

Quintana Law
Group, APC

1    Further, Plaintiff makes no allegations in the Complaint that the alleged
2 injuries arise from or are related to Defendants' contacts with the State of California.
3 For this reason alone, this Court cannot exercise specific jurisdiction over the
4 Defendants. Nor could Plaintiff assert such allegations to establish personal
5 jurisdiction over the Defendants.  The U.S. Supreme Court has determined that a
6 defendants' tortious conduct must be "expressly aimed" at the forum state in which
7 the harm occurred to give rise to personal jurisdiction.  <u>Calder v. Jones</u>, 465 U.S.
8 783, 788-89, 104 S.Ct. 1482, 1486-87, 79 L.Ed. 2d 804 (1984).  Plaintiff cannot
9 show any action "expressly aimed" at the State of California (particularly where
10 Plaintiff is a Florida corporation, Defendants are Ohio residents and the Websites
11 are passive and information) and as such where the alleged harm was suffered is
12 irrelevant.

13    Without any evidence of a conduct expressly aimed at the State of California,
14 there is simply no basis for personal jurisdiction over the Defendants in this matter.

15

16    **2.    DEFENDANTS' ALLEGED CONTACTS WITH THE STATE OF**
17    **CALIFORNIA ARE NOT A "BUT FOR" CAUSE OF**
18    **PLAINTIFF'S ALLEGED CLAIMS.**

19    To demonstrate that a plaintiff's cause of action arises out of or results from
20 defendant's forum-related contacts, plaintiff must show that "but for" defendant's
21 contacts with the forum state, its claims would not have arisen.  <u>Ballard v. Savage</u>,
22 65 F.3d 1495, 1500 (9th Cir. 1995); <u>see also Glencore Grain Rotterdam B.V. v.</u>
23 <u>Shivnath Rai Harnarian</u>, 284 F.3d 1114, 1123 (9th Cir. 2002).

24    Plaintiff not only fails to meet this standard, it fails to even allege or identify a
25 single act or omission by Defendants in the State of California that "but for" its
26 performance or nonperformance Plaintiff would have no claim. There is no nexus
27 between any "in forum" conduct by Defendants and the facts and events which
28 allegedly give rise to Plaintiff's claims.

Quintana Law
Group, APC

-13-

1     **3.     EXCERCISING PERSONAL JURISDICTION OVER THE**
2     **DEFENDANTS IN CALIFORNIA WOULD BE**
3     **UNREASONABLE UNDER THE PRESENT CIRCUMSTANCES.**

4     The third part of the Ninth Circuit's test for specific personal jurisdiction

5     requires that personal jurisdiction over the defendant must "comport with traditional

6     notions of fair play and substantial justice." <u>Yahoo! Inc.</u>, 433 F.3d at 1205; see also

7     <u>Unocal Corp.</u>, 248 F.3d at 925 ("The bare existence of minimum contacts is not

8     sufficient to allow a court to exercise personal jurisdiction over a defendant."). The

9     U.S. Supreme Court has enumerated five factors to consider when determining

10    whether the exercise of personal jurisdiction is reasonable and fair under the

11    circumstances.   <u>Asahi Metal Industry Co., Ltd. v. Superior Court</u>, 480 U.S. 102,

12    113, 107 S.Ct. 1026, 1032, 94 L.Ed. 2d 92 (1987). These five factors include: 1) the

13    burden that the exercise of jurisdiction will impose on the defendant; 2) the interests

14    of the forum state in adjudicating the case; 3) the plaintiff's interest in obtaining

15    convenient and effective relief; 4) the interstate judicial system's interest in

16    obtaining the most efficient resolution of the controversy; and 5) the shared interest

17    of the states in furthering substantive social policies. <u>Id.</u> at 113-14.

18    Even assuming <u>arguendo</u> that minimum contacts necessary for personal

19    jurisdiction could be established, none of the <u>Asahi</u> factors support personal

20    jurisdiction in the present case.   The exercise of jurisdiction in the State of

21    California would create a great burden on the Defendants, both of whom are Ohio

22    residents. Mandell Decl., ¶¶2-3.   Further, the State of California has no interest in

23    adjudicating this single copyright infringement dispute between a Florida company,

24    on the one hand, and an Ohio company and resident, on the other hand; neither of

25    which conduct any business in the State of California.   Mandell Decl., ¶9.

26    Moreover, no efficiency is achieved for the judicial system or the parties because all

27    of the acts alleged (and likely evidence thereof) is located in the State of Ohio.

28    Mandell Decl., ¶14. Finally, there is no shared interest among the States in

1   furthering social policies that would warrant the exercise of personal jurisdiction in

2   this matter in the State of California.  Rather, the paramount social policy that must

3   be furthered in this case are the stringent requirements of Due Process which

4   mandate that this matter be dismissed for lack of personal jurisdiction.

5          The burdens and inefficiencies attendant to preparation for and trial of this

6   matter in the State of California weigh heavily against this Court's exercise of

7   personal jurisdiction over the Defendants.

8

9                                     **II.**

10   **THE COURT SHOULD DISMISS THIS ACTION ON THE BASIS OF**

11                   **FORUM NON CONVENIENS.**

12          Forum non conveniens is a common law doctrine that allows a court to

13   dismiss an action – even though it technically has jurisdiction over the claims –

14   because the action would be more fairly and conveniently litigated elsewhere. See

15   Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001) ("A district court

16   has discretion to decline to exercise jurisdiction in a case where litigation in a

17   foreign forum would be more convenient for the parties."). Under the doctrine of

18   forum non conveniens, a court must determine whether an adequate alternative forum

19   exists and must weigh various private and public interest factors to evaluate whether a

20   forum non conveniens dismissal would serve the interests of justice.  See, e.g., Piper

21   Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed. 2d 419 (1981). A

22   forum non conveniens determination is committed to the discretion of the district

23   court and will not be disturbed absent a finding of clear abuse of discretion. See

24   Lueck, 236 F.3d at 1143 (affirming district court's dismissal of action based on forum

25   non conveniens where foreign plaintiffs' claims arose from an airplane crash in New

26   Zealand).

27          The Ninth Court utilizes a two-part test to determine whether dismissal is

28   proper. First, the Court considers whether an adequate alternative forum exists.

Quintana Law
Group, APC

1    Second, the Court determines that "the balance of private and public interest factors

2    favor [ ] dismissal." Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002).

3    "[W]here the court has considered all relevant public and private interest factors,

4    and where its balancing of these factors is reasonable," its decision to dismiss a case

5    on *forum non conveniens* grounds deserves substantial deference. Lueck, 236 F.3d at

6    1143.

7         Examination of the private and public factors compels dismissal on forum non

8    conveniens grounds where, in this case, the place where Plaintiff's cause of action

9    accrued (i.e., the State of Ohio) unquestionably provides an adequate alternative

10   forum.

11   **A. THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

12   **DISTRICT OF OHIO, WESTERN DIVISION PROVIDES AN**

13   **ADEQUATE ALTERNATIVE FORUM.**

14        As to the first factor, the Ninth Circuit has stated that a foreign forum is adequate

15   when it provides the plaintiff with a sufficient remedy for its alleged wrong. See Dole

16   Food, 303 F.3d at 1118.  Indeed, "it is only in 'rare circumstances . . . where the

17   remedy provided by the alternative forum . . . is so clearly inadequate or

18   unsatisfactory, that it is no remedy at all.'" Lueck, 236 F.3d at 1143 (citations

19   omitted). In Piper Aircraft, where the plaintiffs were seeking damages for injuries

20   suffered as a result of an airplane crash in Scotland, the U.S. Supreme Court held

21   that Scotland was not an inadequate forum merely because its laws offered the

22   plaintiff a lesser remedy than he could expect to receive in the United States.  The

23   Ninth Circuit has held that "[t]he effect of Piper Aircraft is that a foreign forum will be

24   deemed adequate unless it offers no practical remedy for the plaintiff's complained of

25   wrong." Lueck, 236 F.3d at 1144.

26        It is incontrovertible that the United States District Court for the Northern

27   District of Ohio, Western Division would provide the Plaintiff with adequate laws

28   and remedies. The United States District Court for the Northern District of Ohio

Quintana Law
Group, APC

-16-

1  must apply the same federal copyright laws under 17 U.S.C. 101, et seq. that this

2  Court must apply in the present copyright infringement action.

## B. THE PRIVATE AND PUBLIC INTERESTS WEIGH HEAVILY IN FAVOR OF DISMISSAL ON THE GROUNDS OF FORUM NON CONVENIENS.

7  The second step of the forum non conveniens analysis focuses on whether the

8  balance of relevant private and public interests tips in favor dismissal. See Dole

9  Food, 303 F.3d at 1119. "Private interests" of the litigants include (1) the residence

10  of the parties and the witnesses, (2) the forum's convenience to the litigants, (3) the

11  ease of access to proof, (4) the availability of compulsory process for attendance of

12  unwilling witnesses, (5) the cost of obtaining attendance of willing witnesses, the

13  likelihood of a fair trial, and (6) "all other practical problems that make trial of a

14  case easy, expeditious and inexpensive." Lueck, 236 F.3d at 1145; see also Dole

15  Food, 303 F.3d at 1119.

16  "Public interests" factors include (1) court congestion, (2) the court's familiarity

17  with the governing law, (3) the burden on the court and local juries, (4) local interest

18  in resolving the controversy, and (5) the costs involved in resolving a dispute

19  unrelated to the forum. See Lueck, 236 F.3d at 1147; see also Dole Food, 303 F.3d

20  at 1119.

21  As described below, an assessment of both the private and public interests

22  strongly suggests that dismissal of this matter in favor of the United States District

23  Court for the Northern District of Ohio, Western division is appropriate.

## 1. Private Interests Favor The Ohio Judicial System.

26  The relevant private interests of the parties to this matter weigh in favor of

27  the United States District Court for the Northern District of Ohio, Western division

28  as the more appropriate forum, and vague allegations by the Plaintiff of contacts

Quintana Law
Group, APC

-17-

1    with the State of California do not tip the balance in its favor. In fact, any witnesses

2    and evidence supplied by the Plaintiff would be located outside of the State of

3    California. Little if any relevant evidence is located in the State of California. In

4    sharp contrast, however, most of the evidence necessary and crucial for the defense

5    of this action is located in the State of Ohio and is not readily accessible to

6    Defendants in California. For example, to defend against Plaintiff's copyright

7    infringement claims, Defendants will require access to documentary evidence in Ohio

8    related to the complained-of photographs. It is also important to note that all of the

9    employees of the Defendants, including those employees that may have knowledge of

10   the alleged copyright infringement, reside in or around Toledo, Ohio. See Mandell

11   Decl., ¶¶2, 14. Compelling such witnesses to testify in federal court in California will

12   be prohibitively expensive. The copyright infringement allegations require fact

13   intensive discovery in Ohio and weigh heavily against maintaining this action in

14   California.

15        Because so much of the evidence necessary to litigate this action is located or

16   available in Ohio and virtually none of it is located in California, the private

17   interests of the parties weigh heavily in favor of Ohio as the appropriate forum for

18   this lawsuit.

19

20        **2.  Public Interests Also Weigh In Favor Of Ohio.**

21        Plaintiff purports to ask a California jury to sit in judgment on Defendants'

22   interactions in the State of Ohio. Why a California jury should be so engaged when

23   the United States District Court for the Northern District of Ohio, Western division

24   has an adequate and available justice system is unfathomable. Moreover, just as it

25   is fundamentally unfair to bring Defendants into a forum having no jurisdiction to

26   adjudicate the matter, it is equally unfair to the public interest of the State of Ohio

27   that it not be permitted to hear and resolve this case involving alleged acts occurring

28   with its borders. That is particularly true when the entirety of Plaintiff's alleged

Quintana Law
Group, APC

-18-

injuries took place in the State of Ohio. The United States District Court for the Northern District of Ohio, Western division has far more interest in hearing the present case.

Furthermore, it is in the interest of this Court that this case be dismissed in favor of the United States District Court for the Northern District of Ohio, Western division.  This case would command considerable judicial time and resources given the practical and procedural problems summarized above. Litigation of this matter will require extensive discovery from the State of Ohio which could take an extended period of time to complete.  As mentioned, non-California witnesses' resistance to compliance with all subpoenas duces tecum or a subpoena ad testificandum could require significant costs in terms of time and money to the parties as well as the Court, and such witnesses may be beyond this Court's compulsory process. At the same time, California has little if any interest in this dispute and it would unnecessarily burden an already burdened court which.  See Cheng v. Boeing Co., 708 F.2d 1406 (9th Cir. 1983) ("[C]ourts may validly protect their dockets from cases which arise within their jurisdiction, but which lack significant connection to it . . . [and] legitimately encourage trial of controversies in the localities in which they arise. . . .").

As the foregoing demonstrates, should discovery and trial in this action take place in California, the extensive logistics to be addressed and their attendant burdens and inefficiencies weigh heavily in favor of dismissing this action on the grounds of forum non conveniens.

## III.

## THE COURT SHOULD TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO.

The Complaint should be transferred to the United States District Court for the Northern District of Ohio, Western division for disposition. "For convenience of

1  parties and witnesses, in the interest of justice, a district court may transfer any civil

2  action to any other district or division where it might have been brought." <u>See</u> 28

3  U.S.C. § 1404(a).

4      In exercising their discretion to transfer venue under Section 1404(a), courts

5  often balance some or all of the following considerations: (1) convenience of the

6  witnesses; (2) convenience of the parties; (3) judicial economy; (4) the relative ease of

7  access to proof; (5) the availability of compulsory process; and (6) the courts' respective

8  familiarity with the governing law. <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616, 643, 645-

9  46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

10

11  **A. THE JUDICIAL DISTRICT WHERE ACTION MIGHT HAVE BEEN**

12      **BROUGHT.**

13      As a threshold issue, the judicial district to which a case *is* to be transferred must be

14  one in which the action might have been brought. 28 U.S.C. § 1404(a); <u>Van Dusen</u>, 376

15  U.S. at 616. This means that the action may not be transferred to a district or division that

16  would be an improper venue, that would lack subject matter jurisdiction, or in which

17  Plaintiff and Defendants would not be subject to-process and within the personal

18  jurisdiction of the court. <u>Hoffman v. Blaski</u>, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d

19  1254 (1960) (venue); <u>Whittier v. Emmet</u>, 281 F.2d 24 (D.C. Cir. 1960) (subject matter

20  jurisdiction); <u>Foster-Mi/burn Co. v. Knight</u>, 181 F.2d 949 (2d Cir. 1950) (process and

21  personal jurisdiction).These factors are satisfied in the present case for the central reason

22  that Defendants agree not to contest either jurisdiction or venue if the case is transferred to

23  the United States District Court for the Northern District of Ohio, Western Division.

24  Additionally, Plaintiff's case might have initially been brought in the State of Ohio

25  because Defendant Bradford Mandell is a resident of the State of Ohio and Defendant

26  Brand Technologies is formed under the laws of the State of Ohio, making venue

27  appropriate there. <u>See</u> 28 U.S.C. § 1400. Subject matter jurisdiction would have

28  properly been vested in the Northern District of Ohio, Western division because the

1  present suit involves issues of copyright infringement.  28 U.S.C. § 1338.  Therefore, the
2  Northern District of Ohio, Western division is a district in which Plaintiff's action might
3  have been brought, and the threshold criterion for transfer under Section 1404 (a) is
4  satisfied.

5

6   **B. CONVENIENCE OF WITNESSES AND AVAILABILITY OF**
7   **COMPULSORY PROCESS.**

8      Courts generally consider this factor to be the "key test" in any transfer
9  inquiry. <u>Nacom Intl, Inc. v. Melvin Simon Prods., Inc.</u>, 774 F. Supp. 858, 868
10 (S.D.N.Y. 1991).  Witnesses may not be compelled to attend trial unless they can be
11 served with subpoenas within the trial district or at any place outside of the district
12 that is within 100 miles of the place of trial. Fed. R. Civ. Proc. 45(e).

13     Because witnesses in copyright infringement actions are generally affiliates,
14 officers, and/or employees of the accused party, this factor weighs in favor of
15 Defendants. That is, essential witnesses in copyright actions are generally party
16 witnesses.  These entities usually have the best knowledge of the facts relating to the
17 nature of the business and use of the copyrighted material in question.  Transferring
18 the case to the Northern District of Ohio, Western division would therefore not
19 prejudice either side and would, in fact, benefit both sides.

20

21     **C.    CONVENIENCE OF THE PARTIES.**

22     As with the foregoing factor, Plaintiff would benefit from transfer of the
23 present action because Defendants reside in or maintain a primary place of business
24 in Toledo, Ohio.  Mandell Decl., ¶¶2-3.  Defendants would benefit from transfer
25 because parties necessary for adjudication of the dispute would be present in the
26 transferee forum, and they would not risk being haled into yet another jurisdiction as
27 witnesses by Plaintiff's litigation filings.

28

Quintana Law
Group, APC

-21-

**D.   JUDICIAL ECONOMY.**

As there are not currently pending parallel actions in another court, this factor does not weight in favor of either Plaintiff or Defendants.

**E.   EASE OF ACCESS TO SOURCES OF PROOF.**

This factor weighs in favor of transfer because it is questionable whether employees of Defendant Brand Technologies are subject to service of process in California. Without testimony from and the involvement of this party in the present litigation, Defendants' ability to defend themselves will be hampered. Defendants are only a few miles removed from the Northern District of Ohio, Western division, and since witnesses in copyright actions are generally affiliates, officers, and/or employees of the parties, both the Plaintiff and the Defendants benefit from the convenience of transferring the present action to the Northern District of Ohio, Western division.

**F.   FAMILIARITY WITH GOVERNING LAW.**

This factor weighs in favor of transfer because the key claims urged by Plaintiff in the respective action is based on federal copyright law, with which both this Court and the Northern District of Ohio, Western division are equally familiar. This factor does not, therefore, weigh against transfer. Based upon the claims presently before the Court, there is no reason to deny transfer upon the presumption that this Court has a greater familiarity with such law.

**G.   INTEREST OF JUSTICE.**

Finally, 28 U.S.C. § 1404(a) itself requires that the transfer serve the interests of justice. It is respectfully submitted that, based upon the foregoing factors and the discussion presented above, the requested transfer of venue is indeed in the interests of justice. Parties necessary for adjudication of the matter are not presently before this Court, and it appears that there is a great deal of evidence in the State of Ohio. The

Quintana Law
Group, APC

-22-

1  balance of equity favors transfer of the present action given that the balance of
2  convenience weighs in favor of transfer to the State of Ohio. Plaintiff's claims against
3  Defendants arose in the State of Ohio and employees of Defendant Brand
4  Technologies may be important for the defense of Defendants. The importance of
5  having the employees of Defendant Brand Technologies present in the litigation
6  cannot be discounted. Such presence can only be obtained in the State of Ohio. The
7  Northern District of Ohio, Western division can invest significant time and effort in
8  overseeing the progress of Plaintiff's action, and equity and efficiency therefore favor
9  transfer or stay of the present action in favor of the Ohio forum.

10

11                                      IV.

12                                 CONCLUSION

13         For the reasons stated above, the Court should grant Defendants' motion and
14  dismiss this action for lack of personal jurisdiction over Defendants, or, alternatively,
15  on the grounds of <u>forum non conveniens</u>, or, alternatively, transfer this action to the
16  United States District Court for the Northern District of Ohio, Western division.

17

18  DATED: June 9, 2009              QUINTANA LAW GROUP
                                     A Professional Law Corporation
19

20

21

22                                   By: _____
                                         Andres F. Quintana
23                                       Ronald G. Han
                                         Attorneys for Defendants BRAND
24                                       TECHNOLOGIES, INC. and
                                         BRAD MANDELL
25

26

27

28

Quintana Law
Group, APC
                                      -23-

# Declaration

## DECLARATION OF ANDRES QUINTANA

I, Andres F. Quintana, declare and state as follows:

1.     I am an attorney duly licensed to practice law before this Court and I am the principal at the Quintana Law Group, APC, counsel for Defendants BRAND TECHNOLOGIES, INC. and BRAD MANDELL (collectively "Defendants") in this matter. I have first-hand, personal knowledge of the facts stated herein, and if called upon as a witness, could and would competently testify thereto. This declaration is made in support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2), et al.

2.     On May 15, 2009, pursuant to Local Rule 7-3, my co-counsel, attorney Michael E. Dockins of the Ohio-based law firm of Fraser Clemens Martin & Miller LLC, sent a letter to Plaintiff MAVRIX PHOTO, INC.'s ("Plaintiff") counsel, Peter R. Afrasiabi, Esq. detailing the grounds for the Motions and the relief to be requested therein in an effort to meet and confer with hopes of informally resolving various jurisdictional, forum and venue issue. A true and correct copy of my co-counsel's May 15, 2009 letter to Mr. Afrasiabi is attached hereto as Exhibit "C".

3.     On June 2, 2009, attorney Afrasiabi sent an email to attorney Dockins and me stating "We have analyzed your letter and we disagree with your analysis, so we will wait for your motion(s)." A true and correct copy of attorney Afrasiabi's June 2, 2009 email is attached hereto as Exhibit "D".

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 9th day of June 2009, in Woodland Hills, California.

_____
Andres F. Quintana

Quintana Law
Group, APC

-24-

# Declaration

## DECLARATION OF BRADFORD MANDELL

I, BRADFORD MANDELL, declare and state as follows:

1.      I am a resident of County of Lucas, State of Ohio and over the age of eighteen years old.  I have first-hand, personal knowledge of the facts stated herein, and if called upon as a witness, could and would competently testify thereto.  This declaration is made in support of Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens, and Motion To Transfer Venue.

2.      I am a citizen and resident of the United States, residing in Toledo, Ohio.

3.      I am the Chief Executive Officer of Brand Technologies, Inc., a corporation formed under the laws of the State of Ohio.  Attached as Exhibit "A" to my declaration is a true and correct copy of the Certificate of Incorporation of Brand Technologies, Inc. from the Secretary of State of Ohio.

4.      I am properly authorized to make this Declaration on behalf of Brand Technologies, Inc. (hereinafter "the Company").

5.      I am familiar with the business and records of the Company that are kept in the ordinary course of business.

6.      The Company has a principal place of business at 3450 West Central Ave. # 136, Toledo, Ohio 43606.

7.      Neither the Company nor I maintain, or have ever maintained, an office in the State of California.  In fact, the Company does not have any offices or affiliates located outside of the State of Ohio.  Neither the Company nor I have any plans or intentions to set-up an office in the State of California.

8.      Neither the Company nor I own or possess, or have ever owned or possessed, any interest in any property located in the State of California.

9.      The Company does not conduct business in California other than to make payment to businesses for photographs purchased from the internet.

Quintana Law
Group, APC

-25-

10.     The Company uses and maintains two Websites -- www.celebrity-gossip.net and www.gossipgirls.com. I am primarily responsible for overseeing the content of the Websites and I know of, and approve all changes made thereto. The Websites are merely informative. For instance, the Websites contain: (1) a short statement of the business purpose of the Company; (2) news and photographs related to celebrities; and (3) the contact information for the Defendants' business. Attached hereto as exhibit "B" are printouts of www.celebrity-gossip.net and www.gossipgirls.com Webpages.

11.     The Company does not use, and has never used, its Websites to distribute, buy, license or sell any products or services, or perform any commercial transactions of any kind (for instance, online transaction processing, electronic date interchange or electronic funds transfers). No merchandise is, or has ever been, sold, licensed or distributed through the Websites.

12.     Neither the Company nor I consent to litigate this matter or any other matter in the Central District of California.

13.     Neither the Company nor I have entered, and have never entered, into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within the State of California.

14.     All of the records and employees of the Company, including those employees that may have knowledge of the alleged copyright infringement, reside in or around Toledo, Ohio.

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this 8th day of June, 2009, in Toledo, Ohio.

Bradford Mandell

# EXHIBIT "A"

**Doc ID -->**      200318202848

| DATE: 07/01/2003 | DOCUMENT ID 200318202848 | DESCRIPTION DOMESTIC ARTICLES/FOR PROFIT (ARF) | FILING 125.00 | EXPED 100.00 | PENALTY .00 | CERT .00 | COPY .00 |

### Receipt
This is not a bill. Please do not remit payment.

SARAH KOFOID
LEGALZOOM.COM
7083 HOLLYWOOD BLVD., 180
LOS ANGELES, CA 90028

---

# STATE OF OHIO

### Ohio Secretary of State, J. Kenneth Blackwell

1397198

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**BRAND TECHNOLOGIES INC.**

and, that said business records show the filing and recording of:

Document(s)                                     Document No(s):
**DOMESTIC ARTICLES/FOR PROFIT**                 **200318202848**

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 1st day of July, A.D.
2003.

*J. Kenneth Blackwell*

Ohio Secretary of State

United States of America
State of Ohio
Office of the Secretary of State

---

Page 1

Doc ID -->        200318202848

Jun 30 02 02:38p                                                                P.2

Prescribed by **J. Kenneth Blackwell**
Ohio Secretary of State
Central Ohio: (614) 466-3910
Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.state.oh.us/sos
e-mail: busserv@sos.state.oh.us

| Expedite this Form: (Select One) |
| :--- |
| ☑ Yes    PO Box 1390 |
|         Columbus, OH 43216 |
|         *** Requires an additional fee of $ 100 *** |
| ○ No     PO Box 670 |
|         Columbus, OH 43216 |

## INITIAL ARTICLES OF INCORPORATION
*(For Domestic Profit or Non-Profit)*
Filing Fee $125.00

THE UNDERSIGNED HEREBY STATES THE FOLLOWING:

(CHECK ONLY ONE (1) BOX)

| (1) ☑ Articles of Incorporation Profit | (2) ☐ Articles of Incorporation Non-Profit | (3) ☐ Articles of Incorporation Professional |
| :--- | :--- | :--- |
| *(113-ARI)* | *(114-ARN)* | *(170-ARP)* |
| ORC 1701 | ORC 1702 | Profession _____ |
| | | ORC 1785 |

Complete the general information in this section for the box checked above.

| | |
| :--- | :--- |
| Name of Corporation | **Brand Technologies Inc.** |
| Location | Toledo _____        Lucas _____ |
| | (City)        (County) |
| ☐ Check here if additional provisions are attached | |

Complete the information in this section if box (2) or (3) is checked. Completing this section is optional if box (1) is checked.

Purpose for which corporation is formed

The corporation is formed to engage in any lawful act or activity for which a corporation may

be formed and all lawful acts and activities of the corporation are within the purposes of the

corporation.

Complete the information in this section if box (1) or (3) is checked.

| The number of shares which the corporation is authorized to have outstanding (Please state if shares are common or preferred and their par value if any) | 1,000 | Common | $0.01 |
| :--- | :--- | :--- | :--- |
| | (No. of Shares) | (Type) | (Par Value) |
| (Refer to instructions if needed) | | | |

532                        Page 1 of 6                    Last Revised: Jan. 2002

Doc ID -->      200318202848

Jun 30 03 02:38p                                                        P.3

Complete the information in this section if box (5) is checked.

The following are the names and addresses of the individuals who are to serve as Initial Directors. (optional)

(Name)
_____

(Street)                    NOTE: P.O. Box Addresses are NOT acceptable.
_____

(City)                      (State)              (Zip Code)
_____

(Name)
_____

(Street)                    NOTE: P.O. Box Addresses are NOT acceptable.
_____

(City)                      (State)              (Zip Code)
_____

(Name)
_____

(Street)                    NOTE: P.O. Box Addresses are NOT acceptable.
_____

(City)                      (State)              (Zip Code)
_____

Must be authenticated by an
authorized representative     _____        June 30 2003
                              Authorized Representative         Date

                              Sarah Kefeld, Incorporator
                              Print Name

                              _____        _____
                              Authorized Representative         Date

                              Print Name

                              _____        _____
                              Authorized Representative         Date

                              Print Name

672                        Page 2 of 5                    last Revised: Jan. 2002

Jun 30 03 02:39p                                                        P.4

Complete the information in this section if box (1) (2) or (3) is checked.

# ORIGINAL APPOINTMENT OF STATUTORY AGENT

The undersigned, being at least a majority of the incorporators of **Brand Technologies Inc.**
hereby appoint the following to be statutory agent upon whom any process, notice or demand required or permitted by
statute to be served upon the corporation may be served. The complete address of the agent is

**Steven L. Mandell**
(Name)
**2652 Falmouth Road**
(Street)             NOTE: P.O. Box Addresses are NOT acceptable.

**Toledo**                            ,Ohio          **43615**
(City)                                              (Zip Code)

| Must be authenticated by an authorized representative | Authorized Representative | Date |
|---|---|---|
| | **Sarah Kofold, Incorporator** | June 30, 2003 |
| | Authorized Representative | Date |
| | Authorized Representative | Date |

## ACCEPTANCE OF APPOINTMENT

The Undersigned,     **Steven L. Mandell**                    , named herein as the
Statutory agent for,  **Brand Technologies Inc.**
, hereby acknowledges and accepts the appointment of statutory agent for said entity.

Signature:
(Statutory Agent)
**Steven L. Mandell**

532                          Page 3 of 3                    Last Revised: Jan. 2002

# EXHIBIT "B"

Celebrity Gossip and Hollywood Gossip News Leaders



subscribe now  Gossip Girls
click here>  amazonkindle

Google [                    ] (Search)

⦿ Gossip Girls ⦾ Web

[🏠HOME] [📷PHOTOS] [▶VIDEOS] [⭐CELEB SEARCH]




Why do 15,000 doctors recommend Medifast?

**Celebrity Gossip & Entertainment News Leaders ®**

## ☆ Latest Celebrity Sightings ☆

MONDAY, JUNE 08, 2009

### Heidi and Spencer Pratt: Torture Allegations Unfounded



While Heidi and Spencer Pratt made claims that they were tortured while participating in NBC's new show "I'm a Celebrity...Get Me Outta Here," an on-set source says the allegations are bogus.

The "Hills" stars were kept in the Costa Rican jungle's "Lost Chamber" for 14 hours, but the insider reported that during that time they were given rations. "Any accusations that Spencer and Heidi were harmed are untrue."

continued...

posted by Brad at 08:03 AM | comments | permalink
categories ▾ celebrities ▾ heidi montag ▾ spencer pratt ▾ celebrity sightings ▾ reality television ▾ star style



**Selena Gomez: Celebrity Carnival Chick**

  

### LATEST headlines

Heidi And Spencer Pratt Torture Allegations Unfounded

Selena Gomez: Celebrity Carnival Chick

AnnaLynne McCord Glams Up Young Hollywood Awards

Megan Fox And Shia LaBeouf: Transformers 2 In Tokyo!

Bar Refaeli: Young Hollywood Babe

Lindsay Lohan: Sushi Sweetheart

Kate Hudson And Alex Rodriguez: Big Apple Date

Evan Rachel Wood: Young Hollywood Hottie

Jessica Simpson Jets Out Of LA

Adam Lambert: Young Hollywood Awards Stud

Rihanna: Lakers Basketball Babe

Ashley Tisdale: Puerco Espin Promoter

Nicole Kidman: Magnificent In NYC

Ashlee Simpson And Pete Wentz: Bonding With Bronx

Anne Hathaway: Tony Awards Temptress

### CATEGORIES

Celebrities (By Name)


**"1 Rule to a Flat Stomach: Obey"**

I lost 25 lbs of stomach fat in 1 month obeying this 1 old rule.
Go to:
AliceaDiet.com
to read my story!
as seen on

CNN  abc  CBS NEWS

### Top Searches

1) High School Musical 3 Pics

2) Victoria's Secret Show '08

3) Miley In Her Underwear

4) Lindsay Lohan Bikini Pics

5) Britney Spears Videos

6) Jennifer Aniston Bikini Pic

Celebrity Gossip and Hollywood Gossip News Leaders

Page 2 of 6



Always a fan of charity, Selena Gomez was spotted having a great time at the A Time for Heroes Celebrity Carnival yesterday (June 7).

The "Wizards of Waverly Place" hottie was all smiles as she posed for the paparazzi outside the Wadsworth Theatre, sporting a grey tank top, slim fit jeans, and beige sandals.

continued...

posted by Jane at 08:50 AM | comments | permalink
categories ♥ celebrities ♥ selena gomez ♥ celebrity sightings ♥ star style

Photo Credit: Getty Images



## AnnaLynne McCord Glams Up Young Hollywood Awards



She's no stranger to swanky red carpet events, and AnnaLynne McCord lit up the arrivals area at the 11th Annual Young Hollywood Awards last night (June 7).

The "90210" hottie was smiling from ear-to-ear as she posed for the paparazzi in a sexy strapless black dress teamed with a pair of unique black peep-toe heels and bright red lipstick.

continued...

posted by Jane at 08:40 AM | comments | permalink
categories ♥ celebrities ♥ annaLynne mcCord ♥ celebrity awards ♥ celebrity sightings ♥ star style

Photo Credit: Getty Images

Photo Gallery

Video Gallery

MySpace Celebs

Celebrity Kids

Celebrity Babies

Celebrity Couples

Pregnant Celebrities

Celebrity Breakups

And The Winner Is...

Star Style

Celebrity Legal

Celebrity Medical

Celebrity Pets

Celebrity Real Estate

Celebrity Scandals

Celebrity Sightings

Weddings & Engagements

Movie News

Music News

Reality Television

Television

 Girls are Great
Tenderness and femininity...

 Megan Fox Controls Men...Duh
I've lived the life of...

Jessica Biel In A Bikini
That body...

7) Music Videos

8) Gossip Girls TV

9) Gossip Girls Daily Podcast

10) Alison Carroll Pictures

### Sign-Up For Celebrity Newsletter

Enter Email:

[ submit ]

## Site Navigation

Home

Submissions

Advertising

Contact Us

Syndication

Partner Links

Disclaimer



Reality TV Chef Shocks Audience With 'Lesbian' Rant

Report: Heidi, Spencer Tortured on Reality TV Set

'Billy Elliot' Takes 8 Tony Awards; 'Carnage' Best Play

Carradine's Ex 'Profoundly' Disturbed by Death Photo

The Hottest '80s Video Vixens

» Blogs that link here
» View my profile

LS Technorati



>>Atom Feed

Celebrity Gossip and Hollywood Gossip News Leaders                           Page 3 of 6



## Megan Fox and Shia LaBeouf: Transformers 2 in Tokyo!



It's sure to be one of the biggest movies of the summer season, and earlier today (June 8) "Transformers: Revenge of the Fallen" had its world premiere in Tokyo, Japan.

Shia LaBeouf, Megan Fox, Josh Duhamel, and Isabel Lucas all showed up at Roppongi Hills theatre for the big event along with a plethora of paparazzi and fans.

continued...

posted by Sara at 08:06 AM | comments | permalink
categories ♥ celebrities ♥ isabel lucas ♥ josh duhamel ♥ megan fox ♥
shia labeouf ♥ celebrity sightings ♥ movie news ♥ star style

Photo Credit: Getty Images , SplashItensOnline.com



## Bar Refaeli: Young Hollywood Babe



Everywhere she goes she brightens up the scene, and last night (June 7) Bar Refaeli added plenty of sex appeal to the 11th Annual Young Hollywood Awards.

The Israeli knockout was all smiles as she arrived on the red carpet outside the Eli and Edythe Broad Stage, posing for the paparazzi before heading inside.

continued...

posted by Britney at 07:55 AM | comments | permalink
categories ▼ celebrities ▼ bar refaeli ▼ celebrity awards ▼ celebrity sightings ▼ star style
Photo Credit: Getty Images



## Lindsay Lohan: Sushi Sweetheart



She's been having a blast hanging out in the UK as of late, and last night (June 7) Lindsay Lohan was spotted in the Soho district of London.

The "I Know Who Killed Me" actress looked to be enjoying herself as she hit up Yauatcha sushi restaurant for a delicious dinner meeting with fashion designer Emannuelle Ungaro.

continued...

posted by Kayla at 07:43 AM | comments | permalink
categories ▼ celebrities ▼ lindsay lohan ▼ celebrity sightings ▼ star style
Photo Credit: PacificCoastNewsOnline.com



## Kate Hudson and Alex Rodriguez: Big Apple Date



Enjoying a swanky evening out together, Kate Hudson and Alex Rodriguez were

spotted out and about in New York City last night (June 7).

The "How to Lose a Guy in 10 Days" actress and the Yankee slugger hit up the 40/40 nightclub, though they exited separately to avoid being photographed together.

continued...

posted by Kayla at 07:33 AM | comments | permalink
categories ▾ celebrities ▾ alex rodriguez ▾ kate hudson ▾ celebrity couples ▾
celebrity sightings ▾ star style
Photo Credit: BauerGriffin.com



## Evan Rachel Wood: Young Hollywood Hottie



She's always up to something, and last night (June 7) Evan Rachel Wood was spotted arriving at the 11th Annual Young Hollywood Awards.

The "Across the Universe" actress looked lovely as she arrived at the Eli and Edythe Broad Stage in Santa Monica, sporting a sexy black and silver dress with beaded detail along with a pair of black heels.

continued...

posted by Jane at 07:14 AM | comments | permalink
categories ▾ celebrities ▾ evan rachel wood ▾ celebrity awards ▾
celebrity sightings ▾ star style
Photo Credit: Getty Images



Page 1 of 2024 pages  1 2 3 >  Last »

visit the star gallery



Celebrity Gossip and Hollywood Gossip News Leaders

## more celebrity gossip...

Lindsay Lohan: Sushi Sweetheart

Kate Hudson And Alex Rodriguez: Big Apple Date

Evan Rachel Wood: Young Hollywood Hottie

Jessica Simpson Jets Out Of LA

Adam Lambert: Young Hollywood Awards Stud

Rihanna: Lakers Basketball Babe

Ashley Tisdale: Puerco Espin Promoter

Nicole Kidman: Magnificent In NYC

Ashlee Simpson And Pete Wentz: Bonding With Bronx

Anne Hathaway: Tony Awards Temptress

Lady GaGa Gets Warm Narita Welcome

Selena Gomez: Whisper Cafe Cutie

Robert Pattinson Can't Escape The Cameras

Shenae Grimes: Carnival Charity Chick

Miley Cyrus: "A Time For Heroes" Hottie

Whitney Port: Bottoms Up In NYC

Lauren Conrad: Celebrity Carnival Cutie

Kelly Brook And Riley Steele: Piranha Bikini Babes

AnnaLynne McCord And Chace Crawford Bond At The Ball

Pete Wentz Celebrates 30th With Ashlee Simpson

Jennifer Garner: Out With Her Two Little Ladies

Lindsay Lohan Bites Back At Dr. Drew

Britney Spears Enjoys The London Nightlife

Kim Kardashian: LAX Jet-Setter

Audrina Patridge: TAO Beach Bikini Babe

Kourtney And Khloe Kardashian: South Beach Starlets

Ed Westwick And Jessica Szohr: Cafe Couple

Jessica Alba: Santa Monica Family Fun

Lauren Conrad Kicks Off Dodgers Game

Megan Fox Jets Off To Singapore

Jon And Kate Gosselin: Another Day Apart

Nicole Kidman: Working Weekends

Ashley Greene Greets Her German Fans

Amy Winehouse Takes A Liking To The Locals

Kelly Carlson: "Nip/Tuck" Bikini Babe

Copyright © 2003-2009 Brand Technologies / Celebrity-Gossip.net, All Rights Reserved | Celebrity Gossip & Entertainment News Leaders ®

Site Design & Programming:  Incendia Technologies | Privacy Policy | Disclaimer | RSS 2.0 | Advertising Info

 

| HOME | CELEBRITY PROFILES | PHOTO GALLERY | VIDEO GALLERY | ADVICE COLUMN | LATEST GOSSIP | FASHION CENTRAL | GG GOSSIP BLOG | GG MOBILE NEWS | MOVIE REVIEWS | MUSIC REVIEWS | TICKET STORE |

Celebrity Gossip & Entertainment News Leaders ©                    Monday, June 8, 2009

# A B C D E F G H I J K L M N O P Q R S T U V W X Y Z          [ Search ]

Whose hairstyle do you
want the most?:

- ○ Lauren Conrad
- ○ Selena Gomez
- ○ Rihanna
- ○ Miley Cyrus

[ Vote ]

## Evan Rachel Wood: Young Hollywood Hottie



Click here to read the story and see other pictures   1/10 ◀ ‖ ▶


[ Submit Email ]

>>Atom Feed

# Latest Entertainment News
## AnnaLynne McCord Glams Up Young Hollywood Awards

Posted June 8th, 2009



She's no stranger to swanky red carpet events, and AnnaLynne McCord lit up
the arrivals area at the 11th Annual Young Hollywood Awards last night (June 7).

The "90210" hottie was smiling from ear-to-ear as she posed for the paparazzi in
a sexy strapless black dress teamed with a pair of unique black peep-toe heels
and bright red lipstick.

Photo Credit: Getty Images

Click To Finish The Article>>

Tags: AnnaLynne McCord,
Celebrity Awards, Celebrity
Sightings, Star Style
ShareThis

# EXHIBIT "C"

## Andres Quintana

| | |
|---|---|
| **From:** | Mike Dockins [dockins@fraser-ip.com] |
| **Sent:** | Friday, May 15, 2009 7:15 PM |
| **To:** | pafrasiabi@turnergreen.com |
| **Cc:** | Andres Quintana; Bill Clemens |
| **Subject:** | 17526 Brand Technologies |
| **Attachments:** | 17526 Meet and Confer letter 5-15-09.pdf |

**Importance:**       High

Mr. Afrasiabi,

Please review the attached letter sent on behalf of our client Brand Technologies, Inc.

Thank you.

Mike

Michael E. Dockins
Patent AttorneyFraser Clemens Martin & Miller LLC
28366 Kensington Lane
Perrysburg, OH 43551
O: 419-874-1100
F: 419-874-1130
www.fraser-ip.com

---

CONFIDENTIALITY NOTICE
The information contained in this electronic mail transmission is confidential and intended for a specific individual and purpose. The information is private and protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us by e-mail or telephone and destroy any printouts. Thank you.

.

.

Law Offices Of

# FRASER CLEMENS MARTIN & MILLER LLC

*Intellectual Property and Technology Law*

<table>
<tr><td>Donald R. Fraser<br>William J. Clemens ¹<br>Richard G. Martin<br>J. Douglas Miller</td><td align="center">28366 Kensington Lane<br>Perrysburg, Ohio 43551-4163<br><br>e-mail: dockins@fraser-ip.com<br>Telephone: (419) 874-1100<br>Facsimile: (419) 874-1130</td><td>Michael E. Dockins ¹<br>Jacob M. Ward ¹<br>William C. Dusseau<br>Brenda J. Kruse<br>Carrie A. Johnson ⁴<br>Michael J. Riesen</td></tr>
</table>

¹ Admitted in Ohio and Michigan<br>
² Admitted in Ohio and Indiana<br>
³ Admitted in Michigan only<br>
⁴ Admitted in Georgia only

May 15, 2009

Turner Green LLP
Attn: Peter R. Afrasiabi, Esq.
1880 Century Park East, Suite 1100
Los Angeles , CA 90067

VIA EMAIL: <u>pafrasiabi@turnergreen.com</u><br>
Hard Copy to Follow by First-Class Mail

Re:   *Mavrix Photo, Inc. v. Brand Technologies, Inc., et al.*
      Case No. CV-09-02729, U.S. District Court, Central District of California
      Filed: April 20, 2009
      (1-17526)

Our firm, along with Mr. Andres Quintana of the Quintana Law Group, represents Brand Technologies, Inc. and Bradford Mandell in certain intellectual property matters, including the above-referenced federal copyright infringement matter. This letter is sent to you pursuant to Local Rule 7-3 of the Local Rules of the U.S. District Court, Central District of California. We have reviewed the Complaint filed by Mavrix Photo, Inc. in the above-referenced case, and we have some issues that we would like to meet and confer with you on. Hopefully we can avoid the need to file motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically, Brand Technologies and Bradford Mandell intend to move the Court to dismiss our clients from this action on the ground that the Central District is without personal jurisdiction over them, under the doctrine of forum non conveniens, and, in the alternative, to transfer venue.

The Central District is without personal jurisdiction over Brand Technologies and Bradford Mandell because: (1) Brand Technologies and Bradford Mandell have not contractually agreed or otherwise consented to the jurisdiction of the Central District; (2) the State of California's long-arm statute does not reach Brand Technologies and Bradford Mandell; and (3) the exercise of personal jurisdiction over Brand Technologies and Bradford Mandell client would violate Federal Due Process requirements. <u>See Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir.1985); Greenspun v. Del E. Webb Corporation,</u> 634 F.2d 1204, 1207 (9th Cir.1980).

The Complaint alleges that Brand Technologies and Bradford Mandell "may be found and transact" in this District. Complaint ¶2. This is not accurate. Among other things, our clients have not purposefully directed any activity toward the State of California that would subject them to personal jurisdiction there. First, there is no "general jurisdiction" over our clients in the forum since their purported contacts are not sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over them in all matters. As the Ninth Circuit explained, a company cannot merely be doing business "with" individuals in the state but must be doing business "in" the state. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co., 284 F.3d 114 (9th Cir. 2002).

Second, there is no "specific jurisdiction" over our clients since it is very unlikely your client can establish that the present claims arose directly from our clients' California-related activities (if any). See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-16 (1984). In assessing specific jurisdiction, the Ninth Circuit uses a three-prong analysis: 1) defendant must do some act or consummate some transaction in California by which it purposefully avails itself of or directs its activities toward residents of the state; 2) plaintiff's claims must arise out of or result from defendant's California-related activities; and 3) California's exercise of jurisdiction must be reasonable. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). All three of these factors favor Brand Technologies and Bradford Mandell. For instance, as previously mentioned, none of our clients' activities were expressly aimed toward the State of California. Further, Mavrix Photo cannot show that "but for" our clients' contacts with the forum state, its claims would not have arisen. Finally, the exercise of jurisdiction in the State of California would create a great burden on our clients in defending against the claims of Mavrix Photo in California.

Further, it is important to note that Brand Technologies and Bradford Mandell (1) do not transact any business within the State of California, (2) do not own or possess (or have ever owned or possessed) any interest in property located within the State of California, (3) did not enter into any contracts for services or products to be rendered or for materials to be furnished in the State of California; or (4) do not reside or have offices located within the State of California, let alone within the Central District. Indeed, our clients have never contracted with the Plaintiff -- a Florida company -- and thus no forum selection clause exists, nor have they ever consented to the jurisdiction of the Central District.

Moreover, to the extent your client's alleged jurisdictional claim is based on Brand Technologies' websites, that averment must also fail. Federal cases, in the Ninth Circuit and elsewhere, have repeatedly held that such informational websites do not support personal jurisdiction in any location where the Internet can be viewed. Indeed, according to the Ninth Circuit, a website that may reach California residents does not support jurisdiction where it merely provides information for interested parties. Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir.1997). The Brand Technologies websites are merely informative. No e-commerce or financial transactions are processed through the website.

In sum, since Brand Technologies and Bradford Mandell have never contractually agreed or otherwise consented to the jurisdiction of the Central District, maintain an informative website through which no commercial transactions of any kind are ever conducted, and do not reside or transact any business within the State of California, the subject Complaint should be dismissed against our clients for lack of personal jurisdiction.

The only conceivable basis for filing in the Central District is the fact that your law firm is located within Los Angeles County. That basis is insufficient to establish personal jurisdiction and quite frankly smacks of bad faith.

Brand Technologies and Bradford Mandell also intend to motion the Court to dismiss on the basis of forum non conveniens, asserting that the convenience of the parties and the Court and the interests of justice require that the case be tried in Ohio. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Initially, the movant must show that an adequate and available forum exists. Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 n.22 (9th Cir. 2000). Generally, an alternative forum is available where the defendant is amenable to service of process and the forum provides "some remedy for the wrong at issue. Piper Aircraft, 454 U.S. at 254 n.22. In this case, it is clear that an adequate forum is available in Ohio, the location of Brand Technologies and Bradford Mandell. Brand Technologies is formed under Ohio law, and Brand Technologies conducts business in Ohio. Bradford Mandell is a resident of Ohio. The District Court for the Northern District of Ohio provides the same federal copyright infringement remedies as the District Court for the Central District of California. Therefore, the Northern District of Ohio is an adequate and available forum.

If it is determined that the courts in Ohio provide an adequate and available forum, the Court will then consider the relevant private interest factors, including the choice of forum of Mavrix Photo, Inc. Gulf Oil Corp. v. Gilbert, 330 U.S. 501,509 (1947); Lueck v. Sundstrand Corp., 236 F.3d 1137, 1146 (9th Cir. 2001). The forum selected does not need to be optimal, but cannot be so oppressive and vexatious to a defendant "as to be out of proportion to plaintiff's convenience." Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000). Given that Mavrix Photo is located in Florida and Brand Technologies and Bradford Mandell are located in Ohio, a California forum is not convenient for either party, and the forum is oppressive and vexatious.

The Court will also consider the following private interest factors: (1) the resident of the parties and witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) any practical problems or other factors that contribute to an efficient resolution. Lueck, 236 F.3d at 1145. None of the parties are residents of California, and none of the parties are located west of the Mississippi River. Access to all evidence and the availability of compulsory process would be present in Ohio and/or Florida, not in the Central District of California. The cost of obtaining the attendance of all witnesses would be much greater in California than in Ohio. All witnesses would be required to travel to California from their respective locations, and all evidence would be required to be delivered to California at great expense. These factors weigh heavily in favor of dismissal of the Complaint under the doctrine of forum non conveniens.

In the event that the Court does not dismiss the Complaint for lack of personal jurisdiction or under the doctrine of forum non conveniens, we believe the court is likely to transfer venue. The Court, in exercising its discretion under 28 U.S.C. § 1404(a), will balance some or all of the following considerations: (1) convenience of the witnesses; (2) convenience of the parties; (3) judicial econoour; (4) the relative ease of access to proof; (5) the availability of compulsory process; and (6) the courts' respective familiarity with the governing law. See Van Dusen v. Barrack, 376 U.S. 612, 616, 643, 645-46 (1964).

As a threshold issue, the district to which a case is to be transferred must be one in which the action might have been brought. Van Dusen, 376 U.S. at 616. As Brand Technologies is a corporation located in, and formed under the laws of, the State of Ohio, the Northern District of Ohio is a venue where the case might have been brought.

The "key test" in any transfer inquiry is the convenience of witnesses and availability of compulsory process. Brand Technologies and its officers, including Bradford Mandell, who may be compelled to attend trial are located in Ohio. Under Fed. R. Civ. Proc. 45(e), witnesses may not be

compelled to attend trial unless they can be served with subpoenas within the trial district or any place outside of the district that is within 100 miles of the place of trial. Accordingly, for the convenience of the witnesses and availability of process, transfer to the Northern District of Ohio would be appropriate.

Furthermore, records, computers, witnesses with the best knowledge of the alleged infringement, and other employees of Brand Technologies are located in Ohio. Accordingly, the relative ease of access to proof factor weights in favor of transfer. Without testimony from and the involvement of Brand Technologies, Bradford Mandell, and other officers and employees of Brand Technologies, Defendants' ability to defend themselves will be hampered.

Therefore, we believe it is likely that a weighing of the factors of 28 U.S.C. 1404(a) will show that venue is most appropriate in the Northern District of Ohio, and the venue will be transferred.

We suspect that your client disagrees with the foregoing. Otherwise, it would not have commenced the present lawsuit in the Central District. Nonetheless, if you wish to discuss the content of this communication with me further, we will be available anytime on Tuesday, May 19, 2009. If I do not hear from you by Wednesday, May 20, 2009 at 1:00pm (EST), we will assume that no further discussion of these issues is necessary.

Thank you.

Sincerely,

Michael E. Dockins

c.      William J. Clemens, Esq.
        Andres Quintana, Esq.
        Brand Technologies, Inc.

# EXHIBIT "D"

## Andres Quintana

| | |
|---|---|
| **From:** | Peter Afrasiabi [pafrasiabi@turnergreen.com] |
| **Sent:** | Tuesday, June 02, 2009 3:01 PM |
| **To:** | Mike Dockins |
| **Cc:** | Andres Quintana; Bill Clemens |
| **Subject:** | RE: 17526 Brand Technologies |

We have analyzed your letter and we disagree with your analysis, so we will wait for your motion(s).  Regards, Peter

---

**From:** Mike Dockins [mailto:dockins@fraser-ip.com]
**Sent:** Monday, June 01, 2009 3:50 PM
**To:** Peter Afrasiabi
**Cc:** Andres Quintana; Bill Clemens
**Subject:** RE: 17526 Brand Technologies

Mr. Afrasiabi,

Have you had the opportunity to review our letter of May 15, 2009? If you would like to discuss the letter and the Motions we intend to file, we should do so before June 4, 2009. We are available at your convenience to meet and confer.

If we have not heard from you before June 4, 2009, we will assume there is nothing further to discuss and file the appropriate Motions on or before any due dates.

Thank you.

Mike

Michael E. Dockins
Patent Attorney
Fraser Clemens Martin & Miller LLC
28366 Kensington Lane
Perrysburg, OH 43551
O: 419-874-1100
F: 419-874-1130
www.fraser-ip.com

---

CONFIDENTIALITY NOTICE
The information contained in this electronic mail transmission is confidential and intended for a specific individual and purpose. The information is private and protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us by e-mail or telephone and destroy any printouts. Thank you.

**From:** Mike Dockins
**Sent:** Thursday, May 21, 2009 4:00 PM
**To:** 'pafrasiabi@turnergreen.com'
**Cc:** 'Andres Quintana'; Bill Clemens
**Subject:** RE: 17526 Brand Technologies

Mr. Afrasiabi,

Having not received a response to our letter of May 15,2009 regarding a call in furtherance of meeting and conferring with respect to the Motions we intend to file on behalf of our client, Brand Technologies, Inc., we assume there is nothing further to discuss.

Accordingly, we intend to file the appropriate Motions with the court in good time before any due dates arise.

Thank you.

Mike

Michael E. Dockins
Patent Attorney
Fraser Clemens Martin & Miller LLC
28366 Kensington Lane
Perrysburg, OH 43551
O: 419-874-1100
F: 419-874-1130
www.fraser-ip.com

CONFIDENTIALITY NOTICE
The information contained in this electronic mail transmission is confidential and intended for a specific individual and purpose. The information is private and protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us by e-mail or telephone and destroy any printouts. Thank you.

**From:** Mike Dockins
**Sent:** Friday, May 15, 2009 10:15 PM
**To:** 'pafrasiabi@turnergreen.com'
**Cc:** 'Andres Quintana'; Bill Clemens
**Subject:** 17526 Brand Technologies
**Importance:** High

Mr. Afrasiabi,

Please review the attached letter sent on behalf of our client Brand Technologies, Inc.

Thank you.

Mike

Michael E. Dockins
Patent AttorneyFraser Clemens Martin & Miller LLC
28366 Kensington Lane
Perrysburg, OH 43551
O: 419-874-1100
F: 419-874-1130
www.fraser-ip.com

CONFIDENTIALITY NOTICE
The information contained in this electronic mail transmission is confidential and intended for a specific individual and purpose. The

information is private and protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us by e-mail or telephone and destroy any printouts. Thank you.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                              ) ss:
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

    On June __9__, 2009, I served the document described as

**DEFENDANTS' NOTICE OF MOTIONS AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION [FED.R.CIV.P. 12(b)(2)], OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT FOR *FORUM NON CONVENIENS* [FED.R.CIV.P. 12(b)(3), AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRADFORD MANDELL AND ANDRES QUINTANA**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[ X ] BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on June __9__, 2009 at Woodland Hills, California.

                                    _____
                                        Bea Singleton

Quintana Law
Group, APC

-27-

1

## <u>SERVICE LIST</u>

2

3  Peter R. Afrasiabi, Esq.
Christopher W. Arledge, Esq.

4  John Tehranian, Esq.
TURNER GREEN LLP

5  535 Anton Boulevard, Suite 850

6  Costa Mesa, California 92626

7  *Counsel for Plaintiff Mavrix Photo, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Quintana Law
Group, APC

-28-