Andres F. Quintana, Esq. (SBN 190525)
John M. Houkom, Esq. (SBN 203240)
**QUINTANA LAW GROUP, APC**
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone: (818) 914-2100
Facsimile: (818) 914-2101

Attorneys for Defendants BRAND TECHNOLOGIES, INC. and BRAD MANDELL

Peter R. Afrasiabi, Esq. (SBN 193336)
Christopher W. Arledge, Esq. (SBN 200767)
**ONE LLP**
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660

Attorneys for Plaintiff MAVRIX PHOTO, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVRIX PHOTO, INC. a Florida corporation, | CASE NO. CV09-02729 PSG (JCx) |
| Plaintiff, | [Complaint Filed On April 20, 2009] |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| BRAND TECHNOLOGIES, INC., an Ohio Corporation; BRANDTECH, a business form unknown; GOSSIPGIRLS.COM, a business form unknown; CELEBRITY-GOSSIP.NET, a business form unknown; BRAD MANDELL, an individual; and DOES 1-10 INCLUSIVE, | |
| Defendants. | |

Quintana Law
Group, APC

# I.

# INTRODUCTION

This action involves a claim of copyright infringement brought by Plaintiff Mavrix Photo, Inc. ("Mavrix" or "Plaintiff") against Defendants Brand Technologies, Inc. ("Brand Technologies") and Brad Mandell ("Mandell," and collectively with Brand Technologies, the "Defendants"). In connection with the claims and defenses in this case, the parties intend to request and have requested the discovery of documents and information that are particularly sensitive, including confidential, private and proprietary information relating to business transactions, corporate documents, internal operating procedures, profits, marketing, business plans and the like.

In order to protect confidential business, private and potential trade secret information consistent with the public's right of access to the Court's records and processes, the parties, by their undersigned counsel, hereby stipulate pursuant to *Fed. R. Civ. P.* 26(c)(1)(G), subject to approval and entry by the Court, as follows:

# II.

# GOOD CAUSE EXISTS FOR THIS ORDER

Defendant Brand Technologies is a corporate entity, and Defendant Mandell is the President of Brand Technologies. As such, Defendants contend that the details relating to their various corporate operations are confidential business, private, proprietary and trade secret information. Defendants operate in a highly competitive industry, and contend that disclosure of non-public information about their internal operations to their competitors and others would give their competitors and others an advantage to which they are not lawfully entitled. Good cause exists to protect the confidentiality of information relating to Defendants' respective products, clients, producers, suppliers, and distributors, as well as their profits, expenses, marketing, and business plans. As this type of confidential information is not ordinarily available to other companies, Defendants contend that this

information requires special protection from disclosure beyond the parties, including their attorneys of record, of this lawsuit, subject to the terms and conditions of this Order.

Plaintiff Mavrix Photo, Inc. contends that the details relating to their various corporate operations are confidential business, private, proprietary and trade secret information.  Plaintiff operates in a highly competitive industry, and contends that disclosure of non-public information about its internal operations to its competitors and others would give its competitors and others an advantage to which they are not lawfully entitled.  Good cause exists to protect the confidentiality of information relating to Plaintiff's respective products, clients, producers, suppliers, and distributors, as well as their profits, expenses, marketing, and business plans.  As this type of confidential information is not ordinarily available to other companies, Plaintiff contends that this information requires special protection from disclosure beyond the parties, including their attorneys of record, of this lawsuit, subject to the terms and conditions of this Order.

### III.
### TERMS AND CONDITIONS

**Definitions.**

1. "CONFIDENTIAL"  Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).
2. Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.
3. Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).
4. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

5. Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

6. Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of any Party or of any Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of any Party or of any Party's competitor.

7. "ATTORNEYS' EYES ONLY"  Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

8. House Counsel:  Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

9. Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10. Outside Counsel of Record:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

11. Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12. Producing Party: A Party or Non-Party that produces disclosure or discovery material in this action.

13. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14. Protected Material: Any disclosures or Discovery Material that is designated as "CONFIDENTIAL," or as "ATTORNEYS' EYES ONLY."

15. Receiving Party: A Party that receives disclosures or Discovery Material from a Producing Party.

### A. Materials That May Be Designated Confidential.

Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either during initial disclosures or in response to discovery requests in this litigation by any Party, any information copied or extracted from Protected Material, and all copies, excerpts, summaries, or compilations of Protected Material, may be designated by a Producing Party as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" under this Protective Order.

The designations "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" shall be limited to Discovery Materials which the Producing Party reasonably believes not to be in the public domain and to contain any trade secret or other confidential, private, proprietary, or competitively sensitive information. "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" material shall not include information that was, is or becomes public knowledge, not in violation of this Order or any other obligation of confidentiality, or was or is acquired from a

1  third party having no direct or indirect obligation of confidentiality to the
2  designating party.

3  **B. <u>Procedures for Designating Discovery Materials as Confidential.</u>**

4  Any Discovery Materials that are to be designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" may be so designated by the Producing Party by (i) stamping "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" on the Discovery Materials, or (ii) by furnishing a separate written notice to the undersigned counsel for the Party receiving such Discovery Materials at the time of their production or as soon thereafter as practicable (but in no event more than ten business days after production of such Discovery Materials), specifically identifying the documents or materials as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" and by providing copies of the documents, material or information so designated.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents or materials, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents or materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY") to each page that contains Protected Material or designate it as such in writing as described in the immediately preceding paragraph. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

All designations of Discovery Materials as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in this case must be made in good faith. Any party who either objects to any such designation, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of proving same.

Inadvertent production of or failure to designate any information as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver of the Producing Party's claim of confidentiality as to such information, and the Producing Party may thereafter designate such information as confidential as appropriate.

The Parties shall serve a copy of this Order simultaneously with any discovery request made to a Non-Party in this action.

For testimony given in deposition, the Designating Party may identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of said testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to Twenty One (21) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days

1  afterwards if that period is properly invoked, that the entire transcript shall be
2  treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3  Parties shall give the other Parties notice if they reasonably expect a
4  deposition to include Protected Material so that the other Parties can ensure that
5  only authorized individuals who have signed the "Acknowledgment and Agreement
6  to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document
7  as an exhibit at a deposition shall not in any way affect its designation as
8  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

9  Parties shall further give the other Parties notice if they reasonably expect a
10  deposition to elicit "ATTORNEYS' EYES ONLY" testimony.  If the response to a
11  deposition question requires the disclosure of "ATTORNEYS' EYES ONLY"
12  testimony, the Designating Party may ask all persons who are not authorized to hear
13  that testimony to leave the deposition room during said testimony.  In the event the
14  Parties cannot agree as to when all persons who are not authorized to hear the
15  "ATTORNEYS' EYES ONLY" testimony are to leave the deposition room, then all
16  persons who are not authorized to hear the "ATTORNEYS' EYES ONLY"
17  testimony shall leave the deposition room upon request of the Designating Party.
18  The witness may answer any pending question eliciting the "ATTORNEYS' EYES
19  ONLY" testimony shall continue in absence of the unauthorized parties. The Non-
20  Designating Party may challenge a designation of "ATTORNEYS' EYES ONLY"
21  in accordance with paragraph D, below.  Once that portion of the deposition calling
22  for the disclosure of "ATTORNEYS' EYES ONLY" testimony or information is
23  over, party or parties previously excluded by the Designating Party who were
24  unauthorized to hear the "ATTORNEYS' EYES ONLY" testimony may return to
25  the deposition room, subject to subsequent and further exclusion by the Designating
26  Party, as discussed above.

27  Transcripts containing Protected Material shall have an obvious legend on the
28  title page that the transcript contains Protected Material, and the title page shall be

followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

### C. Permissible Uses of Protected Materials.

Any person or Party subject to this Order who receives from any other person or Party any Discovery Materials that is designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Order shall not disclose such Protected Materials to anyone else except as expressly permitted hereunder.

Discovery Materials designated as "CONFIDENTIAL" may be disclosed *only* to the following categories of persons:

1. the parties to this action and Order, including their employees;
2. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;
3. its author, its addressee, and any other person indicated on the face of the document as having received a copy;

4. any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

5. stenographers engaged to transcribe depositions conducted in this action and their support personnel;

6. the Court and its support personnel; and

7. as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

By contrast, Discovery Materials designated as "ATTORNEYS' EYES ONLY" may be disclosed *only* to the categories of persons identified in subparagraphs (2) – (7) above. To be clear, the parties to this action shall *not* have access to Discovery Materials designated as "ATTORNEYS' EYES ONLY."

Prior to any disclosure of any Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any Expert referred to in subparagraph (4) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**D. Procedures for Approving or Objecting to Disclosure of "ATTORNEYS' EYES ONLY" Information or Items to Experts.**

Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "ATTORNEYS' EYES

ONLY" pursuant to paragraph B, above, first must make a written request to the Designating Party that (1) identifies the general categories of "ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence or primary place of business, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with any litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within Fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in the Local Rules, if applicable, seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve

Quintana Law Group, APC

-11-

the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

### E. Challenging Confidentiality Designations.

(a) <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time, so long as the hearing on any such challenge is held on or before the discovery cut-off as established by the Court in this matter. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed.

(b) <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)     <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule (and in compliance with Local Rules 37 and 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

Further, any motion brought pursuant to this provision must made sufficiently in advance of the discovery cut-off date that it is scheduled to be heard on or before the discovery cut-off date, as set by the Court.  In addition, the parties know and acknowledge that any such motion must be made in compliance with the requirements of the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, and the Local Local rules of the judicial officer that hears said Motion, including, but not limited to, the requirements of Local Rule 37.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### F. Documents Not Under Seal.

The Parties acknowledge that this Order creates no entitlement to file Protected Materials under seal. Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file materials under seal. No person or party subject to the Order other than the Producing Party shall disclose any of the Discovery Materials designated by the Producing Party and/or the Designating Party as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" to any other person whomsoever, except with written permission from the Designating Party or with a court order secured after appropriate notice to all interested persons. Accordingly, at any time prior to trial of this action, any party wishing to submit to the Court any Protected Materials must submit an application to do so in accordance with Local Rule 79-5.1 and must submit such Protected Materials under seal.

### G. Procedures Upon Termination of Action and Duration.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice or (2) the entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within Sixty (60) days after the final disposition of this action, as defined hereinabove, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**H. <u>Reservation of Rights.</u>**

This Order shall not affect the right of any Party or person subject to this Order to oppose production of Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any Party that is not otherwise proper under the *Federal Rules of Civil Procedure*.

Nothing in this Order shall prejudice the right of any Party or person subject to this Order to move the Court to broaden or restrict the rights of access to and use

Quintana Law Group, APC

of particular Protected Materials, or to seek modifications of this Order upon due notice to all other Parties and affected or protected persons.

All persons governed by this Order, by reviewing Protected Materials, or seeking the protections of this Order, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED:

By: /s/ John M. Houkom          Dated: June 15, 2012

Andres F. Quintana, Esq.
John M. Houkom, Esq.
**QUINTANA LAW GROUP, APC**

Joseph M. Paunovich, Esq.
Brian J. Dunne, Esq.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Attorneys for Defendants Brand Technologies, Inc. and Brad Mandell

By: /s/ Peter R. Afrasiabi          Dated: June 15, 2012

Peter R. Afrasiabi, Esq.
Christopher W. Arledge, Esq.
**ONE LLP**

Attorneys for Plaintiff Mavrix Photo, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 18, 2012                 /s/
                                                 Honorable Jacqueline Chooljian
                                                 United States Magistrate Judge

# EXHIBIT A

# NON-DISCLOSURE AGREEMENT

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in Case No. CV 09-02729 PSG (JCx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

Quintana Law Group, APC

-18-